**IN THE COURT OF APPEALS OF IOWA**

No. 17-0097
Filed March 22, 2017

**IN THE INTEREST OF K.B. and J.O.,**
**Minor children,**

**M.S., Mother,**
     Appellant.

_____

Appeal from the Iowa District Court for Linn County, Susan F. Flaherty, Associate Juvenile Judge.

A mother appeals the termination of her parental rights to her children. **AFFIRMED.**

Noelle R. Murray of Bertroche Law Office, P.C., Cedar Rapids, for appellant mother.

Thomas J. Miller, Attorney General, and Gretchen W. Kraemer, Assistant Attorney General, for appellee State.

Kimberly A. Opatz of Linn County Advocate, Cedar Rapids, guardian ad litem for minor children.

Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**VAITHESWARAN, Judge.**

A mother appeals the termination of her parental rights to her children, born in 2010 and 2014.

Our de novo review of the record reveals the following facts. The children were removed from the mother's care in early 2015 based on physical abuse. The older child sustained multiple injuries, including bruising and swelling to his face. The department of human services also voiced concerns about domestic abuse in the home, substance abuse by the mother and one of the children's fathers, and the mother's untreated mental illness.

The juvenile court adjudicated the children in need of assistance and ordered the mother to cooperate with drug testing and mental health evaluations. The mother made progress with reunification services and the State moved to transition her from supervised to semi-supervised visits with the children. The court granted the request.

The mother's more informal contact with the children was short-lived. Within a month, she decreased her participation in mental health services and refused to engage in substance abuse recovery. The department reverted to supervised visits.

For the most part, these supervised, twice-weekly visits went well. Despite previous setbacks, the juvenile court reaffirmed family reunification as the permanency goal and declined to proceed with termination of parental rights.

In the spring of 2016, the mother tested positive for methamphetamine. The positive drug test was not isolated; within weeks it became clear the mother

had resumed regular drug use. The guardian ad litem reported she failed to "demonstrat[e] a commitment to making good choices regarding [her] lifestyle[]."

The State filed a petition to terminate the mother's parental rights. Following a hearing, the juvenile court granted the petition pursuant to Iowa Code sections 232.116(1)(f) and (h) (2017) (requiring proof of several elements including proof the children could not be returned to the mother's custody).

The mother contends termination was not in the children's best interests and the juvenile court should have invoked an exception to termination. *See* Iowa Code § 232.116(2), (3); *In re P.L.*, 778 N.W.2d 33, 40-41 (Iowa 2010). She cites her "ability to cooperate with services and make sufficient progress to warrant semi-supervised visitation" and her "bond" with the children.

At the time of the termination hearing, the children had been out of the mother's care for sixteen months. Although the mother initially progressed with reunification goals, she later squandered the additional time the juvenile court afforded her to meet those goals. Because she did not sustain her progress, the children's safety would have been jeopardized had they been returned to her custody. As the juvenile court stated, "[The mother has] continued to use illegal substances and [is] not able to provide a safe, stable, drug-free home for the children. [Her] inconsistent follow-through with her mental health treatment negatively affects her ability to provide adequate care and supervision of her children." The same rationale supports the court's refusal to invoke any of the statutory exceptions to termination.

We affirm the juvenile court's termination of the mother's parental rights to her children.

**AFFIRMED.**